IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
03 JUN 17 PM 1:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RONALD W. HELMS, individually and on behalf of all persons similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CONSUMERINFO.COM, INC. )<br><br>Defendant. ) | Case Number: _____<br><br>CV-03-RRA-1439-S |

## CLASS ACTION COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This is a class action on behalf of the named plaintiff, Ronald W. Helms, and all other persons who have made payments to the defendants for "credit repair services," within the meaning of that term as defined by 15 U.S.C. § 1679a, prior to such services being fully performed. This action alleges that the defendants violated the consumer protection provisions of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*( hereinafter "the Act), and have been unjustly enriched.

2. Plaintiff and the Class Members, by and through their attorneys, allege the facts herein upon information and belief except as to allegations specifically pertaining to plaintiff and his counsel, which allegations are based upon personal knowledge, and except as to allegations based upon documents, and based upon the facts alleged below, which are predicated upon plaintiff's counsel's investigation of defendants.

## II.   PARTIES

### A.   Plaintiff

3.   Plaintiff Ronald W. Helms is over the age of nineteen years and a resident and citizen of St. Clair County, Alabama. Plaintiff paid the defendant monies in advance in return for the defendant's promises to advise him and/or perform services related to "credit repair," including improving plaintiff's creditworthiness, and providing "credit counseling", "credit advice," and other related services. Plaintiff brings this action on his behalf and as a representative of a Class of persons similarly situated.

### B.   Defendant

4.   Defendant ConsumerInfo.com, Inc. is a corporation organized under the laws of the state of California and having its principal place of business at One City Blvd. West, Suite 1000, Orange, California 92868. This defendant is engaged in marketing and selling "credit repair" and/or "credit counseling" services in this district and throughout the United States. The defendant is a "credit repair organization" as that term is defined by the Act.

6.   The defendant is not subject to any exclusion identified at § 1679 a(B)(i)-(iii) of the Act.

## III.   JURISDICTION AND VENUE

7.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this matter presents a federal question arising under the laws of the United States, specifically under the Act.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that:

2

(a) The events or omissions giving rise to the claims occurred in this district; and,

(b) The defendant regularly conducts business in this district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c) because it is subject to personal jurisdiction in this district in that the defendant

    (i) has transacted business in this district;

    (ii) has contracted to supply services in this district;

    (iii) has caused tortious injury or damage in this district by acts or omissions outside this district while regularly doing and soliciting business in this district;

    (iv) otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the defendant to come into this district to defend this action.

9. The defendant is subject to personal jurisdiction in this district in that it has employed agents or representatives or has otherwise employed persons in this district, and in that the defendant

(a) has transacted business in this district;

(b) has contracted to supply services in this district;

 (c) has caused tortious injury or damage in this district by acts or omissions outside this district while regularly doing and soliciting business in this district;

 (d) otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the defendant to come into this district to defend this action.

## IV. FACTS

10. On or about February 28, 2003, plaintiff entered into an agreement with defendant whereby defendant agreed to provide credit repair services to plaintiff in exchange for an annual advance payment of $79.95 which defendant charged to plaintiff's credit card.

11. Plaintiff and each class member paid for defendant's services in order to improve and monitor their credit record, credit history and/or credit rating.

12. Plaintiff and each class member were required to pay defendant in advance for credit repair and credit counseling services, and before such services were fully performed. As a direct and proximate result of defendant's wrongful conduct plaintiff and the class have suffered damages.

## V. CLASS ALLEGATIONS

13. Plaintiff brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of an opt-out class defined as follows:

(A) All persons in the United States who have paid defendant any sums of money in advance for any credit repair services or advice which defendant agreed to perform or provide.

(B) Excluded from the class definition are all judicial officers in the United States and their families through the third degree of relationship, the defendant and any of its officers, directors, and employees, and any person or entities who have already settled or otherwise compromised their claims against the defendant.

14. The defendant's business practices and violations of the law are uniform and, on information and belief, the defendant has collected advance payments for services from hundreds of thousands of customers in the United States (including Plaintiff and the Class Members) in violation of 15 U.S.C. § 1679b(b).

15. The requirements of Rule 23(a), Fed. R. Civ. P., are satisfied because (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the plaintiff will fairly and adequately protect the interests of the class, and he has hired counsel experienced in the prosecution of class actions.

16. The representative plaintiff will fairly and adequately assert and protect the interests of the class, in that:

(a) The representative plaintiff has no conflicts of interest with absent class members in the maintenance of this action, and pursues this action for the benefit of the plaintiff class. Plaintiff has no present relationship with any defendant, in either an official or unofficial capacity;

(b) The representative plaintiff, taken in conjunction with counsel, has adequate financial and other resources to conduct this litigation in a manner assuring that the interests of the plaintiff class will not be harmed. Class counsel has agreed and has the ability to advance costs of this litigation; and,

(c) The representative Plaintiff has retained counsel who are experienced in class action litigation.

17. The requirements of Rule 23(b) are satisfied in that (1) the prosecution of separate actions by or against individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby

making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

18. The questions of law and fact common to the class predominate over questions which may affect individual class members. These common questions include but are not limited to the following:

    (a) Whether defendant violated the provisions of the Credit Repair Organizations Act (the "Act");

    (b) How frequently and persistently the defendant failed to comply with the provisions of the Act;

    (c) The nature of the defendant's noncompliance with the Act;

    (d) Whether and to what extent the defendant's noncompliance with the Act was intentional;

    (e) Whether defendant's conduct caused injury to the Plaintiff and members of the class and, if so, the appropriate class-wide measure of damages;

    (f) Whether defendant is liable for exemplary or punitive damages;

    (g) If the defendant is found liable for punitive damages, the appropriate measure of such damages;

    (h) Whether defendant was unjustly enriched by its conduct;

    (i) Whether plaintiff and the class members are entitled to recover prejudgment interest, and,

(j)     Whether defendant materially and willfully misrepresented any information the Act required it to disclose to plaintiff and the Class Members.

19.     The common issues represent the most significant issues in the class, and can be resolved for all members of the class in one action.

20.     A class action will provide a fair and efficient method of adjudicating this controversy, in that:

(a)     Common questions of law and fact predominate over any questions affecting only individual class members. The common issues are the most significant issues in the case, and can be resolved for all members of the class in one action;

(b)     Neither the size of the class nor any other factor makes it likely that difficulties will be encountered in the management of this action as a class action;

(c)     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would confront defendants with incompatible standards of conduct;

(d)     The prosecution of separate actions by individual class members would as a practical mater be dispositive of the interests of other

members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests;

(e) The prosecution of separate actions by individual class members, or the individual joinder of all class members in this action, would create a massive and unnecessary burden on the resources of the courts; and,

(f) Because of the disparity of resources available to defendant versus those available to individual Class Members, prosecution of separate actions would work a financial hardship on many Class Members.

## Count One
## Violations of 15 U.S.C. § 1679b(b)

21. Plaintiff restates and incorporates in this Count One the factual allegations of each and every preceding paragraph as if fully set forth herein.

22. 15 U.S.C. § 1679b(b) provides: "No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization agreed to perform for any consumer before such service is fully performed."

23. The Act defines a "credit repair organization" as follows:

> The term "credit repair organization" - (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of - (i) improving any consumer's credit record, credit history, credit rating; or (ii) providing

15 U.S.C. § 1679a.

24. As aforesaid, the defendant is a "credit repair organization" within the meaning of the Act.

25. Defendant's uniform business practice is to charge fees, in advance of performing services, in direct contravention of 15 U.S.C. § 1679b(b), and defendant did in fact charge plaintiff and each Class Member fees in advance of the performance of such services.

26. The Act, at 15 U.S.C. § 1679d, further requires (1) the execution of a written contract prior to the performance of any credit repair services. Such contracts must include " the terms and conditions of payment, including the total amount of all payments to be made by the consumer to the credit repair organization or to any other person; (2) a full and detailed description of the services to be performed by the credit repair organization for the consumer, including - (A) all guarantees of performance; and (B) an estimate of - (i) the date by which the performance of the services (to be performed by the credit repair organization or any other person) will be complete; or (ii) the length of the period necessary to perform such services; (3) the credit repair organization's name and principal business address; and (4) a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract.'"

27. Further, the Act requires that each such contract include a cancellation form and that the consumer be provided with a copy of the contract. 15 U.S.C. § 1679e.

28. 15 U.S.C. § 1679c requires that, before any consumer enters into a contract with a credit repair organization, the consumer must be provided with a disclosure explaining the consumer's rights and responsibilities with regard to the consumer's credit report. The form of the disclosure is set forth in said subsection of the Act. Defendant did not provide Plaintiff with the required disclosure and, on information and belief, defendant has not provided any Class Members with said disclosure.

29. The defendant has failed to comply with the foregoing provisions of the Act with regard to plaintiff and the class. Further, the above actions were done deliberately or with reckless disregard for the laws of the United States.

30. As a proximate cause of defendant's actions, plaintiff and the Class Members were injured.

## Count Two
## Unjust Enrichment and Money Had and Received

31. Plaintiff restates and incorporates in this Count Two the factual allegations of each and every preceding paragraph as if fully set forth herein.

32. The defendant holds money which, in equity and good conscience and under law, belongs to plaintiff and Class Members because it was improperly and unlawfully paid to defendant.

33. Plaintiff and Class Members claim of the defendant all amounts paid by them to defendant as money had and received. Plaintiff and Class Members are entitled to an order requiring defendant to make an accounting to this Court of all proceeds it has had and received

from its customers, and that upon such an accounting having been made, an order determining that such amounts constitute the unjust enrichment of the defendant, and that such amounts must be disgorged into this Court, for administration by this Court for the benefit of plaintiff and Class Members.

## Count Three
## Constructive Trust

34. Plaintiff restates and incorporates in this Count Three the factual allegations of each and every preceding paragraph as if fully set forth herein.

35. Defendant holds funds transferred to it by plaintiff and Class Members in circumstances, including the wrongful acts set forth herein, through which defendant has been unjustly enriched at the expense of plaintiff and Class Members.

36. Plaintiff and Class Members request that this Court impose a constructive trust upon monies obtained by defendant as a result of defendant's wrongful conduct.

## Count Four
## Conspiracy

37. Plaintiff restates and incorporates in this Count Four the factual allegations of each and every preceding paragraph as if fully set forth herein.

38. Defendant conspired and combined to damage plaintiff and the class through the wrongful conduct alleged above.

39. As a proximate consequence of such wrongful acts and in furtherance of this conspiracy, plaintiff and the class have been damaged and they are entitled to recover from

40. Defendant acted intentionally and maliciously for the purpose of causing harm to the plaintiff and the class.

## VI.  PRAYER FOR RELIEF

41. Plaintiff, individually and on behalf of the class, prays for punitive and compensatory damages in an amount to be awarded by a jury as provided for pursuant to 15 U.S.C. § 1679g.

42. In addition to the compensatory and punitive damages sought by the plaintiff individually, the plaintiff seeks compensatory and punitive damages for the benefit of the class as provided for by 15 U.S.C. § 1679g. Plaintiff further seeks individually, and as representative of the class, an order that all contracts with defendant are void as violative of federal law.

43. Plaintiff individually, and as representative of the class, further seeks injunctive relief prohibiting conduct violative of federal law.

44. Plaintiff seeks an order that this class may be maintained as a class action pursuant to Rules 23(a) and 23(b)(2) or 23(b)(3), Fed. R. Civ. P.

45. Plaintiff individually, and as representative of the class, further seeks reasonable attorneys fees, costs and expenses of this action as provided for in 15 U.S.C. § 1679g.

46. Plaintiff individually, and as representatives of the class, further prays for judgment, under said State Common Law Claims, against defendant, separately and severally, for compensatory damages according to proof at trial, plus punitive damages, costs, interest, and attorney's fees.

47. Plaintiff individually, and as a representative of the class, further prays for such other, further and general relief to which he and the Class Members may be entitled.

**PLAINTIFF DEMANDS TRIAL BY JURY**

*[signature]*
One of the Attorneys for Plaintiff

OF COUNSEL:

William J. Trussell, Esq.
Trussell & Funderburg, P. C.
1916 1st Avenue North
Pell City, Alabama 35125
(205) 338-7273

E. Clayton Lowe, Jr., Esq.
Peter A. Grammas, Esq.
John G. Dana, Esq.
LOWE GRAMMAS HITSON & DANA LLP
3500 Blue Lake Drive, Suite 209
Birmingham, Alabama 35243
(205) 380-2400
(205) 380-2408 (fax)

**TO CLERK OF COURT**

Please serve Defendant by certified mail at the following:

ConsumerInfo.com, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017