IN THE UNITED STATES DISTRICT COURT,
FOR THE NORTHERN DISTRICT OF ALABAMA,
MIDDLE DIVISION

|  |  |
|---|---|
| **RONALD W. HELMS,** individually and on behalf of all persons similarly situated,<br>Plaintiff,<br><br>vs.<br><br>**CONSUMERINFO.COM, INC.,** a corporation,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CV-03-HS-1439-M<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OF DECISION

The Court now has before it Defendant's Motion to Dismiss Count Four (Conspiracy) of Plaintiff's First Amended Complaint, filed May 14, 2004. Also before the Court is Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, which was filed June 8, 2004. The Court has reviewed the parties' respective motions, and oral argument is not necessary on this issue. Consistent with the separate **ORDER** issued this day, Defendant's Motion to Dismiss Count Four is due to be **GRANTED**.

### Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves the Court to dismiss Plaintiff's Count Four of the First Amended Complaint for failure to state a claim upon which relief can be granted. This Court evaluates a motion to dismiss, taking the facts in the light most favorable to the plaintiff, and assuming "that all factual allegations in the complaint are true." Peters v. Amoco Oil Co., 57 F. Supp. 2d 1268, 1274 (M.D. Ala. 1999). Furthermore, "[m]otions to dismiss for failure to state a claim should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims." Id.

**Plaintiff's Count Four**

Under Alabama law "[l]iability for civil conspiracy rests upon the existence of an underlying wrong, and if the action alleged to constitute the underlying wrong provides no cause of action, then neither does the conspiracy itself." Barber v. Bus. Prods. Ctr, Inc., 677 So. 2d 223, 228 (Ala. 1996); see also Tillman v. R.J. Reynolds Tobacco Co., 871 So. 2d 28, 35 (Ala. 2003) (finding that conspiracy alone is not itself a cause of action, and that "[t]here must be an underlying wrong to support the conspiracy claim"). The elements of a civil conspiracy claim are "an agreement, between two or more persons, to accomplish either an unlawful end, or a lawful end by unlawful means, resulting in damage to the plaintiff." Peters, 57 F. Supp. 2d at 1284; Haapanen v. Bogle, 643 So. 2d 547, 551 (Ala. 1994); Snyder v. Faget, 326 So. 2d 113, 116 (Ala. 1976).

In addition to Plaintiff's conspiracy claim, Counts One and Two of the First Amended Complaint allege violations of the Credit Repair Organization Act (hereafter "CROA") and a common law claim for unjust enrichment. It is not entirely clear that Plaintiff may base his conspiracy claim on either his underlying federal claim[1] or his unjust enrichment claim.[2]

---

[1] In light of Nance v. Maxwell Fed. Credit Union, 186 F.3d 1338 (11th Cir. 1999), it is doubtful that Plaintiff may base his conspiracy claim upon the violation of the Credit Repair Organization Act. In Nance, the Eleventh Circuit determined that the plaintiff could not base his conspiracy claim on his underlying ADEA claim. 186 F.3d at 1342. The Nance court noted that the ADEA contained provisions such as damage caps and was "governed by a complex statutory scheme." Id. Accordingly, the court concluded that "the ADEA must be pursued in the manner specified in the ADEA, not through alternative state law mechanisms." Id. at 1342-1343. The Credit Repair Organization Act, like the ADEA, contains specific limitations as to damages and is also limited in its scope. See e.g., § 1679g (laying out damage limitation); §§ 1679b(b), 1679c (apply only to "credit repair organizations"). In light of the foregoing, Plaintiff's CROA claims probably will not support his conspiracy claim.

[2] Under Alabama law, unjust enrichment "is an old *equitable* remedy," not a *tort*. Avis Rent A Car Sys., Inc. v. Heilman, 876 So. 2d 1111, 1123 (Ala. 2003) (quoting Battles v. Atchison, 545 So. 2d 814, 815 (Ala. Civ. App. 1989)). The Supreme Court of Alabama has recognized that a "conspiracy claim cannot exist in the absence of an underlying *tort*." Willis v. Parker, 814 So. 2d 857, 867 (Ala. 2001) (emphasis added). Thus, it is doubtful that Plaintiff may base his conspiracy upon his underlying *equitable* claim of unjust enrichment. But see Tillman, 871 So. 2d at 35 (holding that there must only be "an underlying *wrong* to support [a] conspiracy claim").

Nevertheless, even assuming that Counts One or Two of Plaintiff's First Amended Complaint would support his conspiracy claim, because Plaintiff has failed to allege any set of facts upon which he could succeed in proving a conspiracy claim, Count Four is due to be dismissed.

To ensure that defendants are fully "informed of the nature of the conspiracy alleged," "the Eleventh Circuit requires a heightened pleading standard in conspiracy cases." Peters, 57 F. Supp. 2d at 1284 (quoting Griswold v. Alabama Dep't of Indus. Relations, 903 F. Supp. 1492, 1500-1501 (M.D. Ala. 1995)). Accordingly, "conclusory, vague and general allegations of conspiracy may justify dismissal of a complaint." Griswold, 903 F. Supp. at 1501. In Griswold, the plaintiff alleged that one of the defendant's engaged in a conspiracy to obstruct justice under 42 U.S.C. § 1985(2). Id. at 1500. The court noted that "'the linchpin for conspiracy is agreement, which presupposes communication.'" Id. at 1501 (quoting Bailey v. Bd. of County Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992)). The Griswold Court dismissed the plaintiff's conspiracy complaint, reasoning that if the defendant "conspired and agreed," with other defendants, "the complaint must allege this conspiracy." Id.; compare with Peters, 57 F. Supp. 2d at 1284 (Plaintiff's conspiracy claim survived a motion to dismiss because "[p]laintiffs have alleged an agreement between two or more Defendants").

In the instant case, Plaintiff's First Amended Complaint fails to sufficiently allege that Defendant engaged in a conspiracy.[3] Count Four states in part: "Defendant conspired and combined to damage plaintiff." Count Four does not identify who Defendant conspired with, nor does it shed any light on the "nature of the conspiracy alleged." Id. Alabama law is clear that a conspiracy

---

[3] It did not go unnoticed by the Court that almost a year expired before Plaintiff filed his First Amended Complaint. Even so, Plaintiff did not supplement his conspiracy claim with any new allegations. This fact only bolsters the conclusion that Plaintiff does not have sufficient evidence to successfully allege a conspiracy claim.

requires an agreement between *two or more persons*. Haapanen, 643 So. 2d at 551. Plaintiff's only reference to any party other than Defendant is the statement that Plaintiff is "entitled to recover . . . all damages . . . resulting from the wrongful conduct of all co-conspirators." Such vague and conclusory allegations are exactly the type of claims that must fail on a motion to dismiss. See Griswold, 903 F. Supp. at 1501. Because Plaintiff fails to identify any other person or entity with whom the Defendant conspired, and because Plaintiff does not properly allege that there was an agreement between two persons or entities, Count Four should be dismissed. See Browning v. Yahoo!, Inc., No. C04-01463HRL, 2004 WL 2496183, at *4 (N.D. Cal. Nov. 4, 2004) (District Court dismissed the plaintiff's conspiracy claim because "[p]laintiff has failed to identify with whom the defendant conspired to injure him").

In accordance with the foregoing, a separate ORDER will be issued this day GRANTING Defendant's Motion to Dismiss Count Four of Plaintiff's First Amended Complaint.

Now remaining before the Court are Counts One and Two, alleging violations of CROA and unjust enrichment, respectively. As to Plaintiff's Count Three for constructive trust, it is well established that constructive trust is a remedy and not a separate cause of action. Gulf States Steel, Inc. v. Lipton, 765 F. Supp. 696, 704 (N.D. Ala. 1990). To the extent that the imposition of a constructive trust is consistent with the law, this Court will consider its application if and when it becomes relevant.

DONE this the 22nd day of November 2004.

*/s/ Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge